THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.*
WILBUR McLAUGHLIN, Defendant-Appellant.

Fifth District   No. 5—83—0307

Opinion filed April 9, 1984.

Walter S. Clifton, Jr., of Urbana, for appellant.

Terry M. Green, State's Attorney, of Benton (John X. Breslin and Terry A. Mertel, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

JUSTICE HARRISON delivered the opinion of the court:

Following a bench trial in the circuit court of Franklin County, Wilbur McLaughlin, defendant, was convicted of two counts of deceptive practices. Defendant was subsequently sentenced to two years' probation, fined $200 and ordered to make restitution. On appeal, defendant contends that he was not proved guilty beyond a reasonable doubt. We agree and reverse.

The sole witness called by the State at trial was Genevieve Janello, wife of the owner of Janello Motors of Mulkeytown, Illinois. Ms. Janello testified that, in November of 1979, she and her husband entered into a contract with defendant under which defendant was to purchase junk cars located on the property of Janello Motors. Under the terms of the agreement, defendant was to pay $40,000 for 1,186 cars. Ms. Janello indicated that the cars were located on four different sections of ground, and that defendant "was to pay for each section of ground as he crushed them, which would make *** $10,000 per section." On April 23, 1980, defendant gave Ms. Janello four $5,000 checks. Ms. Janello testified as to the circumstances surrounding this event:

"Mr. McLaughlin came to the office, and he asked me if I would count the loads of cars as they were taken out and to deposit the checks. And I honored his wishes, and he said the money would be in the bank when these were presented to the bank. My husband wasn't there, and I had to work as a representative for him. And that was the only hope I had was his word."

In accordance with her conversation with defendant, Ms. Janello deposited one check immediately, and then deposited each additional check upon observing that defendant had removed six more loads of cars. While the first two checks cleared without difficulty, the third check, which Ms. Janello attempted to deposit on May 5, 1980, was not honored due to insufficient funds in defendant's account. The fourth check, which Ms. Janello tried to deposit on May 9, 1980, was dishonored for the same reason. On cross-examination, Ms. Janello testified that defendant told her that the checks "would all be good when presented at the bank."

Following Ms. Janello's testimony, the bank records of defendant's auto crushing business for April and May, 1980, were admitted into evidence. These records indicate that the balance in defendant's checking account was less than $5,000 throughout May, including on the date the dishonored checks were presented by Ms. Janello. The defense offered no evidence.

In asserting that he was not proved guilty beyond a reasonable doubt, defendant specifically contends that the evidence failed to establish the intent to defraud necessary to sustain a conviction under section 17–1(d) of the Criminal Code of 1961 (Ill. Rev. Stat. 1981, ch. 38, par. 17–1(d)). We agree. "Where the parties agree at the time the check is issued that it shall not be presented for payment until a later date, and the fair implication is that there were not sufficient funds at the time the check was issued [,] the offense is generally held not to have been committed because the fraudulent intent is lacking, the transaction being in its essential nature an extension of credit to the drawer." (*People v. Cundiff* (1973), 16 Ill. App. 3d 267, 270, 305 N.E.2d 735.) *Cundiff* appears to be in accord with the general weight of authority regarding this question. (See 35 C.J.S. *False Pretenses* sec. 21(b)(2) (1960).) While we recognize that we may not lightly disturb the findings of a trial court in a bench trial, we are compelled to conclude that the "fair implication" of defendant's representations to Ms. Janello put her on notice that defendant did not have sufficient funds to cover all four checks when he gave them to her. Ms. Janello twice indicated that defendant told her that the checks would be good

"when presented to the bank"; these statements, coupled with defendant's requests that presentment of the checks be delayed, operated to inform Ms. Janello that defendant did not have sufficient funds in his account to cover the checks when he wrote them. Thus, under the rule articulated in *Cundiff*, we must conclude that the State failed to prove beyond a reasonable doubt that defendant possessed the requisite intent to defraud when he wrote the checks. In view of our disposition of this case, we need not consider defendant's alternative contention that he was not proved guilty because the checks were in payment of a preexisting debt.

For the foregoing reasons, the judgment of the circuit court of Franklin County is reversed.

Reversed.

KASSERMAN and KARNS, JJ., concur.